IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.   2:05-CR-216-MEF |
| | ) | |
| TIMOTHY WILLIAMS | ) | |

**RESPONSE TO MOTION FOR RELEASE AND SUPPORTING ARGUMENT**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully files its response to defendant's oral motion for release and supporting argument as follows:

The defendant was charged in a three-count indictment on September 18, 2005, with, in count one, possessing with intent to distribute marijuana; in count two, of using and carrying, during and in relation to and knowingly possessing, in furtherance of the drug trafficking offense of possession with intent to distribute marijuana, firearms and ammunition; and, in count three of being a convicted felon in possession of firearms and ammunition, all crimes occurring on June 13, 2005.

On or about September 15, 2005, the defendant made his initial appearance before the Court and was ordered released, pursuant to conditions of release, to allow him to cooperate with law enforcement.

On May 31, 2005, the defendant entered a plea of guilty and was adjudicated guilty of counts one and two of the indictment. After the defendant was adjudicated, the issue of detention was taken up by the Court. The government took the position that pursuant to Title 18, Section 3143(a)(2), the Court must detain the defendant. The defendant argued that pursuant to Title 18, Section 3145(c), the Court had the discretion to order that he be released. The parties requested an opportunity to brief the issue for the Court which results in this filing.

Title 18, Section 3143(a)(2), states that the judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless - (A)(I) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

In the present case, the court found that the defendant has been found guilty of an offense as described in subparagraph (A) of subsection (f)(1) of section 3142. The Court further determined that there was not a substantial likelihood that a motion for acquittal or new trial would be granted, pursuant to 3143(a)(2)(A)(I) and the government represented that it would not be recommending that no sentence of imprisonment be imposed on the defendant, pursuant to 3143(a)(2)(A)(ii). Therefore, pursuant to 3143(a)(2), the Court should detain the defendant. The defendant argued that the provisions of 3145(c), however, would allow the Court to consider whether the defendant could and should be released.

Title 18, Section 3145(c) states that..."A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

The government agrees that case law seems to support defendant's contention that 3143(a)(2) is "trumped" by 3145(c). See United States v. Hooks, 330 F.Supp.2d 1311 (M.D. Ala., 2004), United States v. Brown, 368 F.3d 992 (8th Cir. 2004), United States v. Lea, 360 F.3d 401 (2nd Cir. 2004),

United States v. Cook, 42 Fed. Appx. 803 (6th Cir. 2002) unpublished and United States v. Wise, Case No. 2:04-cr-09-S (M..D. Ala., 2005), Document 248.

If the Court determines that it may consider the applicability of 3145(c) to this defendant, the Court must first find that the defendant meets the conditions of release as set out in 3143(a)(1) which states that, "... the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence...be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of the community if released under section 3142(b) or (c). Should the Court find that the defendant is not likely to flee nor poses a danger to the safety of the community, it must next find that there are exceptional reasons why detention would not be appropriate.

Under Section 3145(c), exceptional reasons have been described as a "unique combination of circumstances giving rise to situations that are out of the ordinary." United States v. DiSomma, 951 F.2d 494, 497 (2nd Cir. 1991). See also United States v. Koon, 6 F.3d 561, 563 (9th Cir, 1993) (defining exceptional reasons as "clearly out of the ordinary, uncommon, or rare".) See also United States v. Perez, 1998 U.S. Dist. LEXIS 10113 (D. Conn. 1998) (personal circumstances such as family obligations and medical conditions do not constitute exceptional reasons").

The government contends, therefore, that even should this Court find that 3145(c) applies, and that the defendant establishes that he is neither a flight risk nor a danger to the community, he must still be detained as he has failed to establish "exceptional reasons" why his detention would not be appropriate.

Wherefore, the United States respectfully requests this Honorable Court deny the defendant's oral motion for release pending sentencing.

Respectfully submitted this the 2nd day of June, 2006.

          LEURA G. CANARY
          UNITED STATES ATTORNEY


          /s/ Susan R. Redmond
          SUSAN R. REDMOND
          Assistant United States Attorney
          Post Office Box 197
          Montgomery, Alabama 36101-0197
          334.223.7280
          334.223.7135 fax
          susan.redmond@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CR. NO.   2:05-CR-216-MEF |
| | ) | |
| **TIMOTHY WILLIAMS** | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jennifer Hart.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7135 fax
susan.redmond@usdoj.gov