IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA     )
    )
v.     )      Case No.: 2:05-cr-216-F
    )
TIMOTHY WILLIAMS     )

**DEFENDANT'S MEMORANDUM REGARDING RELEASE**

On May 31, 2006, Mr. Williams entered guilty pleas to Counts 1 and 2 of this Indictment. Thus, he is now convicted of a violation 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A). Pursuant to this Court's Order in open court on May 31, 2006, Defendant Timothy Williams submits this memorandum on the issue of the applicable legal standard for considering Mr. Williams' release status.

Mr. Williams respectfully submits that this Court is permitted to consider exceptional reasons in support of release, notwithstanding any presumption that he be detained.

1.      **There are four categories of Release Eligibility.**

Criteria for release of a person who has been found guilty of an offense and is awaiting sentencing is addressed by 18 U.S.C. § 3143 and by 18 U.S.C. § 3145. Four categories of release eligibility are created by these statutes.

(1)      "Except as provided in paragraph (2)," §3143(a)(1) permits release if the "applicable guideline" for the offense of conviction "does not recommend a term of imprisonment."

(2)      "Except as provided in paragraph (2)," § 3143(a)(1) otherwise requires

detention "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or ( c)."  If such a finding is made, release "shall" be ordered.

(3)    As indicated, § 3143(a)(2) creates a separate exception to the  release possibilities identified in § 3153(a)(1).  Under (a)(2), detention "shall" be ordered for a person convicted of one of the offenses described in § 3142(f)(1)(A),(B), or ( C)[1], unless the circumstances identified in either § 3143(2)(A)(I ) or (A)(ii )[2] exists, along with the circumstances described in § 3143(2)(B).

(4)    Section 3145( c) establishes a separate exception to the mandatory detention of § 3143(A)(2) by creating the possibility of release for a person who is otherwise subject to detention under § 3143(a)(2)[3] and who meets the conditions of release of §3143(a)(1),

---

[1]The three categories of offenses under § 3142(f)(1) are:
    "(A)    a crime of violence, or an offense listed in section 2332b(g)(5)(B)[a "Federal crime of terrorism"] for which a maximum term of imprisonment of 10 years or more is prescribed;

| | |
|---|---|
| "(B) | an offense for which the maximum sentence is life imprisonment or death; |
| "( C) | an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)." |

[2]The circumstances of § 3143(a)(2)(A) are:
    "( I)    the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
    "( ii)    an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person."

[3]§ 3145( c) also addresses detention of defendants under § 3143(b)(2) and § 3143(b)(1). These provisions address release pending appeal and are not applicable.

where "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Such a person "may be ordered released, under appropriate conditions, by the judicial officer." See *U.S. v. Moncrief*, 289 F.Supp.2d 1311, 1314 (n. 2) (M.D.Ala. 2003) ("most courts that have considered the issue have concluded that §3145(c) is an exception to the detention that § 3143(b)(2) seems to mandate.") (citations omitted).[4]

Thus, the four categories of release eligibility are:

(1) permissible release for a defendant whose sentencing guidelines do not require imprisonment;

(2) mandatory release for a defendant who does not fit into other categories and is not likely to flee or pose a danger to the community;

(3) mandatory detention for a defendant who is convicted of a crime of violence or terrorism with a maximum term of ten years or more, or an offense "for which the maximum sentence is life or death," or a specified drug offense carrying a maximum of ten years or more, unless there is substantial chance of an acquittal or new trial or the

---

[4]Although section 3145© is labeled "appeal from release or detention order," the "exceptional reasons" provision is available to Magistrate Judges and District Judges as a bases for release from detention. *See e.g., United States v. Cook*, 2002 WL 1869446, at **1 (6th Cir. 2002) ("Although the mention of exceptional circumstances appears at the close of a section otherwise devoted to review and appeal, we are not convinced that it is meant to be an instruction limited to the courts of appeals."); *United States v. Mostrom*, 11 F.3d 93 (8th Cir. 1993) (reviewing a trial court's finding of exceptional circumstances); *United States v. Jones*, 979 F.2d 804, 806 (10th Cir. 1992) ("All the other circuits that have addressed the issue have ruled that the 'exceptional reasons' provision does apply to district courts," and joining those Circuits' holding); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991); *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir.1991) (per curium)).

government has recommended no imprisonment; and

>(4) permissible release for a defendant who is convicted of a crime of violence or terrorism with a maximum term of ten years or more, or an offense "for which the maximum sentence is life or death," or a specified drug offense carrying a maximum of ten years or more, when "there are exceptional reasons why such person's detention would not be appropriate."

### 2. Determination of the category of Release Eligibility requires consideration of the nature of the offenses and potential sentences.

Determining which category of release eligibility applies to a particular defendant requires the Court to consider the nature of the offenses of conviction and the potential sentences for those offenses.

In this case, Mr. Williams has pled guilty to possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 1) and knowing possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924( c) (Count 2).[5] The maximum term of imprisonment for each count is five years.

The quantity of marijuana alleged to be possessed was not stated in either count of the Indictment. Under 21 U.S.C. § 841(b)(1)(D), a person whose violation of § 841(a)(1) involves "less than 50 kilograms of marihuana" shall "be sentenced to a term of

---

[5]§ 924( c) provides three alternative factual bases for conviction, each of which were alleged in the indictment in this case. The plea colloquy in this case established the third alternative, that the defendant "in furtherance of [a drug trafficking crime], possesses a firearm."

imprisonment of not more than 5 years."[6]

Under 18 U.S.C. § 924( c)(1)(A)(I), this violation of 18 U.S.C. § 924( c) is punished by a consecutive sentence of at least 5 years, and the sentencing guidelines limit the maximum sentence to the minimum imposed by the statute.  The applicable sentencing guideline for a violation of § 924( c), U.S.S.G. § 2K2.4, requires that, unless the defendant is determined to be a career offender,[7] "the guideline sentence is the minimum term of imprisonment required by statute" and other enhancement portions of the Sentence Guidelines do not apply "to that count of conviction."  U.S.S.G. § 2K2.4(b), ( c).  Thus, the maximum term of imprisonment for this § 924( c) violation is five years.[8]

### 3. Mr. Williams is within the second or fourth categories of Release Eligibility, each of which permit release.

Mr. Williams concedes that the sentencing guidelines  applicable to his sentence will require imprisonment, and thus the first category of release eligibility does not apply. In addition, if his convictions are for offenses covered by § 3142(f)(1), he concedes that the two

---

[6]Since the quantity was not stated, the penalty of § 841(b)(1)(D) applies.  See *U.S. v. Cromartie*, 267 F.3d 1293, 1296 (11th Cir. 2001) ("Section 841(b)(1)(D) provides for a maximum sentence of five years in prison for an offense that involved an unspecified amount of marijuana.") In this case, the parties also agree that the actual quantity involved in this case is substantially less than 50 kilograms. It is estimated that, with a substantial assistance motion, Mr. Mitchell's sentence on Count 1 alone will be no greater than <u>ten months</u>.

[7]Discovery provided by the Government indicates that Mr. Williams has at most the theft felony listed in the indictment, for which he received probation, and a few misdemeanor convictions, none imposed after 2003.  There is no contention that Mr. Williams is or will be determined to be a career offender.

[8]Further, the plea agreement in this case requires the imposition of a sentence at "the low end of the applicable advisory guideline range."  (Plea Agreement, D.E. 27, page 4, paragraph c).

exceptions identified in the third category (substantial chance of acquittal or new trial, or a government recommendation of no imprisonment) do not apply.

However, Mr. Williams does not concede that the offenses of conviction are within the three alternatives defined by § 3142(f)(1). First, neither of the offenses pled to in this case is a crime of violence or terrorism with a maximum term of ten years or more. "Crime of violence," as used in § 3142 and § 3143, is defined in 18 U.S.C. § 3156(a)(4). That definition requires that the offense (A) "has an element of . . . the use, attempted use, or threatened use of physical force against the person or property of another," or (B) "is a felony and . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," or ( C) is "any felony under Chapter 109A [Sexual Abuse] or 110 [Sexual Exploitation and other abuse of children] or 117 [Transportation for illegal sexual activity]."

The Eleventh Circuit has squarely addressed the applicability of § 3156(a)(4) to the offenses in this case. Drug trafficking is not a crime of violence. *U.S. v. Cruz*, 805 F.2d 1464, 1474 (11th Cir. 1986) (interpreting previous version of § 924( c) and concluding that "drug trafficking crimes are not crimes of violence"). Mere possession of a firearm is not a crime of violence, and therefore could not be a crime of violence in connection with another non-violent offense. *U.S. v. Johnson*, 399 F.3d 1297, 1302 (11th Cir. 2005) (felon in possession of firearm is not a crime of violence for purposes of 18 U.S.C. § 3156(a)(4), thus requiring that district court's order denying release pending sentencing for that offense

be vacated).[9]

Second, neither of the offenses pled to in this case is an offense "for which the maximum sentence is life or death."   As noted above, the statutory maximum for Count 1 is five years and the applicable guidelines and plea agreement limit the potential sentence on Count 2 to the statutory minimum of five years.[10]

Third, because the maximum sentence for Count 1 is five years, neither of the offenses in this case is a specified drug offense carrying a maximum of ten years or more.  21 U.S.C. § 841(b)(1)(D).

If § 3142(f)(1) does not apply to Mr. Williams' convictions, then this Court must permit Mr. Williams to present evidence that he meets the conditions of § 3143(a)(1):  that he "is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or ( c)."  18 U.S.C. § 3143(a)(1).  If the Court finds that such facts are established "by clear and convincing evidence," then the Court "shall order the release" of Mr. Williams in accord with § 3142(b) [release on unsecured appearance bond]

---

[9]See also *U.S. v. Bowers*, 432 F.3d 518 (3rd Cir. 2005) (felon in possession of firearm is not a crime of violence);  *U.S. v. Moncrief*, 289 F.Supp.2d 1311, 1314 (M.D.Ala. 2003) (same); *U.S. v. Gloster*, 969 F.Supp. 92, 95 (D.D.C. 1997) (being a felon in possession of a weapon does not establish use of violence or physical force in committing the offense and, thus, possession was not a "crime of violence" that could trigger a detention hearing and pretrial detention under Bail Reform Act).

[10]But see, *U.S. v. Gamboa* 439 F.3d 796, 811 (8th Cir. 2006) ("We agree with other circuits that have concluded that § 924(c)(1) is best construed as a single crime with a choice of penalty options all within the overarching statutory maximum life sentence.")

or § 3142( c) [release on conditions].

Such facts will be presented by Mr. Williams, in that (a) he has successfully complied with his pretrial release supervision since at least January 2006; (b) he owns and lives in a home in Montgomery; ( c) that home is subject to a mortgage; (d) he has close family in Montgomery, including his father and brother; (e) he is employed full-time; and (f) despite knowing that detention was a possibility, he has complied with all supervision and court appearance requirements.

4.     **If Mr. Williams is within the fourth category of Release Eligibility, there are exceptional reasons which support his release.**

If the Court determines that Mr. Williams' convictions do fall within one of the three categories of § 3142(f)(1), then § 3145( c) permits this Court to release Mr. Williams if he "meets the conditions of release set forth in" §3143(a)(1)[11] and if there are also "exceptional reasons why such person's detention would not be appropriate."

This provision in § 3145( c) "was intended to provide 'an avenue of relief from the mandatory detention provisions' of the Bail Reform Act." *United States. v. Mitchell*, 358 F.Supp.2d 707, 708 (E.D. Wis. 2005) (citing *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992)).   Neither "a plain reading of the statute" nor its legislative history give any assistance with regard to the meaning of "exceptional reasons." *United States c. Garcia*, 340 F.3d 1040, 1016 - 1017 (9[h] Cir. and 2003).

---

[11]Those conditions are "that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or ( c)."

However, in *Garcia*, the appellate court noted that the Justice Department had supported passage of the provision authorizing "exceptional reasons" for release after conviction. In a letter to the Senate legislative committee which considered the statute, the Government noted that "as a matter of policy, some mechanism should exist so that, in the extraordinary case, the court could order release (under whatever conditions were deemed necessary)." 340 F.3d at 1018.

The appellate court therefore concluded that in reviewing possible "exceptional reasons," courts "should examine the totality of the circumstances." *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003). The *Garcia* court noted that such circumstances might include the aberrational nature of the defendant's convictions; a lack of specific intent or unusual circumstances if the offense was an act of violence; the possible short length of the actual sentence to be imposed; or the hardships of prison on a particular defendant due to his cooperation or health or injury. 340 F.3d at 1019. In addition, the Court noted that an exceptional circumstance might also include that the defendant "is **exceptionally** unlikely to flee or to constitute a danger to the community if he is permitted to remain free" or if the defendant has been "unusually cooperative with the government." 340 F.3d at 1020 (emphasis in original).

In *Mitchell*, the District Court found that several different factors established "exceptional reasons" for the defendant's continued release. Those factors included the

9

defendant's cooperation with the government;[12] the defendant's successful "performance on pre-trial release" (which included all three phases of pretrial services' drug-testing protocol, consistently negative drug tests, full-time employment, frequent over-time work, and compliance with child support obligations);[13] and the fact that defendant's efforts to sell or lease his home so that it would not be vacant while he was incarcerated served "the public interest as well as the defendant's interest." 358 F.Supp.2d at 709.

Since this Court is not restricted from the factors it may consider to find "exceptional reasons," the Court should hold a hearing so that Mr. Williams has the opportunity to present those reasons. Mr. Williams would be able to show, among other things, that, like Mr. Mitchell, he cooperated with the government; he was successful on pre-trial release; he has consistently had negative drug tests; he has had full-time employment, including at times two separate jobs; he has provided support to his adult children and other family members; and

---

[12]The court in *Mitchell* noted "I have, at the government's request, frequently allowed defendants who were currently cooperating to remain free pending sentence. The only difference between the present defendant's cooperation and that of the defendants in previous cases is that the defendant completed his cooperation prior to pleading guilty. I concluded that it would be incongruent to treat defendants differently than past cooperators solely because he had provided all the assistance he could. In this connection, I note that I allow cooperators to remain free not only because they **assist the government's crime-fighting efforts** (although such assistance is important), but also because the **likelihood of a substantial assistance motion constitutes an additional incentive** to comply with release conditions and because **cooperation is sometimes a step toward rehabilitation**." 358 F.Supp.2d at 708 (emphasis added).

[13]The *Mitchell* court concluded that "(t)his evidence suggested that defendant had renounced criminal activity and was his taking his family responsibilities seriously. Thus, he was unlikely to flee or pose a danger. Further, defendant's positive conduct went beyond mere compliance . . ." 358 F.Supp.2d at 709.

he is currently engaged in arranging to sell or lease his home so that it will not be vacant while he was incarcerated.

Moreover, Mr. Williams' cooperation with the government has been "exceptional," in that he has substantially cooperated with three different law enforcement agencies, including proactive activity, and he continues to be able and willing to do so.  See *Garcia*, 340 F.3d at 1022 (discussing exceptional reasons and noting that the "court may also consider whether the defendant was unusually cooperative with the government").  Mr. Williams would also demonstrate that there is a large difference between the maximum possible prison sentence and what the plea agreement requires the Government to recommend as his sentence.  See *Garcia*, 340 F.3d at 1019 ("(t)he length of the prison sentence-both the maximum and the sentence imposed-may also be relevant" in determining exceptional reasons).

Further, Mr. Williams is exceptionally not a flight risk or danger to the community. He has repeatedly appeared in Court even where it was the Government supported his detention; and he has complied with his pretrial release requirements.  See, *Garcia*, 340 F.3d at 1021 (noting that the court can consider whether "the defendant is exceptionally unlikely to flee or to constitute a danger to the community if he is permitted to remain free pending his appeal").  At a hearing on this issue,  Mr. Williams would provide further evidence regarding his personal situation and why this Court should find exceptional reasons as to why he should be released pending sentencing.

11

WHEREFORE, based on the foregoing, Mr. Williams asserts that this Court has the power to continue his release pending sentencing; that there are exceptional reasons for the Court to do so; and that this Court should conduct a hearing and consider those reasons.

Respectfully submitted,

s/ Christine A. Freeman
CHRISTINE A. FREEMAN
Federal Defenders
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: christine_freeman@fd.org
Tn BPR 11892

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan Redmond, Esq., Assistant U. S. Attorney.

Respectfully submitted,

s/ Christine A. Freeman
CHRISTINE A. FREEMAN
Federal Defenders
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: christine_freeman@fd.org
Tn BPR 11892