IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05CR216-MEF |
| | ) | (WO) |
| TIMOTHY WILLIAMS | ) | |

**ORDER ON MOTION**

This case is before the court on defendant's oral motion for release pending sentencing after his entry of a plea of guilty on May 31, 2006 to violations of 21 U.S.C. §841(a)(1) and 18 U.S.C. §924(c)(1)(A) as charged in counts one and two of the indictment. The government opposes defendant's motion. At the change of plea hearing, counsel for the government and for the defendant both requested the opportunity to submit memoranda of law relating to the application of 18 U.S.C. §§3143 and 3145 to the motion for release.

The court has now carefully considered the memoranda filed by counsel. Doc. ## 29, 32. For purposes of this order, the court assumes, without deciding, that defendant meets the conditions of release of §3143(a)(1) – that is, he is not likely to flee or pose a danger to the safety of any other person or the community – and that §3145(c) applies to defendant's case and permits him to demonstrate exceptional reasons why his detention would not be appropriate.[1] At the May 31 hearing, the court gave defendant the opportunity to raise and

---

[1] See, e.g., United States v. Hooks, 330 F.Supp.2d 1311, 1312 (M.D. Ala. 2004) ("Even though § 3145(c) is captioned 'Review and appeal of a release or detention order,' courts that have addressed the issue have held that the section applies to the judicial officer initially ordering mandatory detentions as well."). But see United States v. Harrison, 2006 WL 839143 (M.D.Ga. 2006) (Court lacked jurisdiction to order release pursuant to statute permitting release for clear showing of exceptional reasons why person's detention prior to sentencing would not be

argue any such exceptional reasons. The court has also considered the reasons argued by defendant in his June 3, 2006 memorandum (Doc. # 32) in making its decision.

In this case, defendant maintains, *inter alia*, that he has successfully complied with his pretrial release supervision since at least January 2006; that he owns and lives in a home in Montgomery; that his home is subject to a mortgage and he is currently engaged in arranging to sell or lease his home so that it will not be vacant while he is incarcerated; that he has close family in Montgomery, including his father and brother; that he is employed full-time; that despite knowing that detention was a possibility, he has complied with all supervision and court appearance requirements; that he has cooperated with three different law enforcement agencies, including proactive activity, and he continues to be able and willing to do so; that he has consistently had negative drug tests; that he has provided support to his adult children and other family members; and that there is a large difference between the maximum possible prison sentence and what the plea agreement requires the government to recommend as his sentence (that is, the low end of the applicable advisory guideline range).

Exceptional circumstances have been described as existing under § 3145(c) "where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" United States v. Lea, 360 F.3d 401, 403 (2nd Cir. 2004)(citations omitted); see also United States v. Brown, 368 F.3d 992-94 (8th Cir. 2004) (discussing cases with exceptional reasons as "'clearly out of the ordinary, uncommon, or rare'" when compared

---

appropriate.).

to every other defendant convicted.); United States v. Koon, 6 F. 3d 561, 563 (9th Cir. 1993) (same).  In this case, while the court certainly commends defendant for his success on pretrial release and his cooperation with the government,[2] it cannot conclude that defendant presents reasons for release that are clearly out of the ordinary, uncommon, or rare.  For example, there is no indication in this case that the circumstances surrounding defendant's criminal conduct were highly unusual, that his prison sentence will be exceptionally brief, that his case presents uncommon potential for success on appeal, that there are extraordinary circumstances such as illness or injury that would render the hardships of prison unusually harsh for this defendant, that because of his cooperation he would be exceptionally vulnerable to injury in prison, or that defendant's case otherwise presents any truly unusual factors or combination of factors.[3]  See, e.g., United States v. Garcia, 340 F.3d 1013, 1019-1023 (9th Cir. 2003); United States v. Green, 250 F.Supp.2d 1145, 1148-1150 (E.D. Missouri 2003).  Thus, the court finds that the defendant has not shown any exceptional reason why his detention prior to sentencing is not appropriate.  Accordingly, it is

ORDERED that defendant's oral motion for release pending sentencing is DENIED, and he is remanded to the custody of the United States Marshal pending sentencing.

---

[2] The court notes that the government has represented that defendant has completed this cooperation, and release is not necessary for this purpose.

[3] See United States v. Green, 250 F.Supp.2d 1145, 1149 (E.D. Missouri 2003) (Concluding that Congress did not intend release upon a simple accumulation of numerous common circumstances that alone would not constitute an exceptional reason.).

DONE, this 8th day of June, 2006.

                                              /s/ Susan Russ Walker
                                              SUSAN RUSS WALKER
                                              UNITED STATES MAGISTRATE JUDGE