UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2008 AUG 11  P 1:53

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Timothy Williams,
Defendant/Plaintiff,

vs.

Case No.: CR-05-216MEF

UNITED STATES OF AMERICA,
Respondent.

**MOTION TO DISMISS COUNT ONE OF THE INDICTMENT, FOR VIOLATION OF DEFENDANT'S FIFTH AND SIXTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION**

NOW COMES, the Defendant, Timothy Williams, in the above captioned matter, respectfully moves this Honorable Court for an order to dismiss Count 1 of the indictment against him, thus establishing lack of subject matter jurisdiction.

In its prior opinion, this Court held that Defendant's argument is Without merit due to the fact that it is well-settled in the **civil realm** that failure of a allegation or proof of an interstate commerce element does not deprive this Court with Subject Matter Jurisdiction over the case, citing ALIKHANI V. UNITED STATES, 200 F.3d 732, 735 (11th Cir. 2000) quoting STEEL CO. V. CITIZENS FOR A BETTER ENVIRONMENT, 118 S.Ct. 1003, 523 U.S. 83 (1998) a civil lawsuit.

Defendant, Timothy Williams, do not argue this procedure or ruling by the Supreme Court for a civil lawsuit, but contends

that this instant case is not a civil lawsuit, but a criminal prosecution, for which this ruling can not be applied, and his **28 U.S.C. 2255** is not a separate civil action but is a further step in his criminal case, as appears from the legislative history of **Section 2 of s.20 80th Congress of the United States of America. (June 25, 1948).**

The Sixth Amendment of the United States Constitution provide that "In **all criminal prosecutions, the accused shall enjoy the right... to be informed of the nature and cause of the accusation."** Defendant contends that the indictment's in this instant case of the <u>United States v. Timothy Williams</u> fails to comply with the Sixth Amendment guarantee in the United States Constitution, therefore rendering the indictment deficient.

Defendant, Timothy Williams contends that for this court to state "**regardless of the fact that the Eleventh Circuit's opinion in Alikhani found support in the civil context,** Alikhani was a case in which the Plaintiff was challenging a district court's subject matter-jurisdiction over a criminal indictment... Just as Williams is trying to do in this case."—**is a total disregard to the United States Constitution, in which you sworn by oath to protect** and defend,—**not an unconstitutional opinion.**

Williams further contends that because the attorney for Alikhani failed to argue this Constitution guarantee, as Defendant Williams has shown, does not make this ruling in Alikhani Constitutional. The ruling in <u>**STEEL CO. V. CITIZENS**</u> is inconsistant with the guarantee of the Sixth Amendment in criminal cases because it

-2-

is a ruling in the civil realm, and therefore can not be applied to deny Williams Motion To Dismiss For Want Of Subject Matter Jurisdiction Doc. #29 filed Jan. 29, 2008 and Doc. #51 filed July 17, 2008 Motion To Reconsider, because as stated Supra this is not civil action or lawsuit but a criminal prosecution.

Furthermore, for this Court to hold to this ruling from a civil lawsuit in a criminal prosecution would be inconsistant, indeed with the Supreme Court's insistence in the criminal realm that "**A person accused of crime...** would be at a severe disadvantage, a disadvantage amounting to a lack of fundamental fairness, **if he could be adjudged guilty and imprisoned for years on the strength of the same evidence as would suffice in a civil case.** RE: Winship, 397 U.S. 358, 90 S.Ct. 1068.

Defendant, Timothy Williams, have provided Eleventh Circuit case law, Supreme Court case law and Constitutional law in his prior motions that prove beyond a reasonable doubt that the indictment in this case is defective and the law is well-established that an defective indictment deprives the court with subject matter-jurisdiction. It is well-established that the Indictment is the charging instrument that provide the court's it jurisdiction and/or authority to convict a defendant of a crime. EX PARTE COLE, 842 SO 2d 605 (ALA. 2002). And to be sufficient an indictment must inform the Defendant with each essential element of the offense, and if it does not, it fails to charge that offense. UNITED STATES V. DEISCH, 20 F.3d 139 (5th Cir. 1994); U.S. Constitution Sixth Amendment.

In the opinion and order from this court (Doc. #52), this

court states that the circuit noted that courts have specifically rejected the exact argument—that "failure of allegation or proof on a interstate—commerce element deprives the district court of jurisdiction," and further cite **UNITED STATES V. VISCOME, 144 F.3d 1365 (11th Cir. 1998)** (noting in criminal case that attack on the interstate nexus element of 844(1) conviction was only a challenge to the sufficiency of the evidence, and was not a challenge to the court subject matter jurisdiction).

Defendant argue that just because other courts have rejected this argument does not make their decision Constitutional, especially if they relied on the **STEEL CO. V. CITIZEN** lawsuit, as most court's unconstitutionally do. This court is bound by the United States Constitution and the Supreme Court of the United States, not other alleged courts that have rejected this argument, even the Eleventh Circuit in **"Alikhani."**

Chief Judge Fuller now have to make a decision on whether he will support the unconstitutional ruling by the Eleventh Circuit in Alikhani or if he will Constitutionally dismiss this case for Want of Subject Matter Jurisdiction pursuant to the Sixth Amendment **guarantee,** that in all criminal prosecution the Defendant have a right to be informed of every essential element of offense;--interstate commerce is an essential element of offense because the federal government's jurisdiction of the drug trafficking offense rests solely on the commerce clause; secondly, Chief Judge Fuller would have to make a decision to uphold or disregard the ruling handed down from the Supreme Court when they specifically rejected use of civil law standards in criminal proceedings, stating

that it would constitute a "deprivation of fundamental fairness" and "a person accused of a crime.. would be at a severe disadvantage, a disadvantage amounting to a lack of fundamental fairness, if he could be ajudged guilty and imprisoned for years on the strength of the same evidence as would suffice in a civil case," or with honor, respectfully inform the Eleventh Circuit of their unconstitutional ruling and inform them that this court will honor both the United States Constitution and the Supreme Court of the United States ruling in **RE: Winship**, 90 S.CT. 1068.

Finally, Williams contends that citing **UNITED STATES v. VISCOME, SUPRA** and quoting statement thereof have no merit or impact on this case; the statute **21 U.S.C. 844(1)** has absolutely nothing to do with the Defendant's **21 U.S.C. 841(A)** charge, because 844(1) is an simply possession charge—an misdemeanor while 841(A) is a possession with intent to distribute,—a felony, therefore, the ruling in **"Viscome"** quoted in his opinion has no justifiable merit in this case.

In closing Defendant Timothy Williams would refresh Chief United States District Judge Mark E. Fuller of the authorities for this argument and motion for a dismissal of the indictment in this case;
(1) 80th Congress establishing that **28 U.S.C. 2255** is a further step in Movant's criminal case—
(2) The Sixth Amendment of the United States guarantees that "in all criminal prosecution, the accused shall enjoy the right... to be informed of the nature and cause of the accusation.
(3) The United States Supreme Court in RE Winship Supra has specif-

ically rejected use of civil law standards in criminal proceedings because that would constitute a "deprivation of fundamental fairness."

(4) The Eleventh Circuit in U.S. V. STEFAN, 748 F.2d 1093 (11th Cir. 1986); U.S. V. ADAMS, 83 F.3d 137 (11th Cir. 1996) Where the Circuit held, "an indictment not framed to advise the Defendant with reasonable certainty of the nature of the accusation against him is defective, although it may follow the language of the statute." ... Furthermore, if the indictment tracks the language of the statute, "it must be accompanied with such a statement of facts and circumstances as will inform the accused of the specific offense coming under the general description, with which he is being charged." U.S. V. BOBO, 344 F.3d 1076 (11th Cir. 2003; RUSSELL V. U.S., 369 U.S. 794, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

Failure to inform the Defendant Timothy Williams, of an essential element, such as the commerce clause or Title 21 U.S.C. 801 in his **criminal charge** of Title 21 U.S.C. 841(A) in Count 1 of his indictment violates Williams Sixth Amendment guarantee right to be informed, Fifth Amendment right of due process of law and reversal is warranted in pursuant to Rule governing 28 U.S.C. 2255 Rule 1(A)(1), (2) where it states that:

These rules govern a motion filed in a United States district court under 28 U.S.C. 2255 by:

(A) A person in custody under a judgment of that court who seeks a determination that:

   (1) The judgment violates the Constitution or laws of the United States;

   (2) The court lacked jurisdiction to enter the judgment:

Therefore, Based on the foregoing argument and authorities, and the record in this case, this Honorable Court is respectfully urged to grant the Defendant, Timothy Williams, motion to vacate and dismiss the indictment against him.

Respectfully Submitted,

*[signature]*

Mr. Timothy Williams pro se
Federal Correctional Institution
P.O. Box 5000 Vernon - 01
Oakdale, LA. 71463-5000

Done this 7 Day of August, 2008.

## CERTIFICATE OF SERVICE

I, Timothy Williams, Petitioner/Defendant hereby swear that a true copy have been provided to the following parties via first-class mail postage pre-paid on this 7 day of August, 2008.

Clerk of the Court
U.S. District Court
Middle District of Alabama
1 Church Street, Suite B-100
Montgomery, Alabama 36104


Susan Redmond
Assistant U.S. Attorney
One Court Square Suite 201
Montgomery, Alabama 36104


Respectfully Submitted,

_____
Mr. Timothy Williams pro se
Reg. No. 11778-002
Federal Correctional Institution
P.O. Box 5000 Vernon - 01
Oakdale, LA. 71463-5000