IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 2:05-CR-216-MEF |
| | ) | |
| TIMOTHY WILLIAMS | ) | |

RESPONSE TO MOTION TO DISMISS INDICTMENT

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully responds to defendant's <u>Motion to Dismiss Count One of Indictment</u>, and offers the following:

**Background**

1. On or about September 8, 2005, a Federal Grand Jury indicted the defendant in a three-count indictment, charging that (count one) on or about June 13, 2005, in Montgomery, Alabama, within the Middle District of Alabama, the defendant did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I Controlled Substance, in violation of Title 21, USC, Section 841(a)(1);(count two) that on or about June 13, 2005, in Montgomery, Alabama, within the Middle District of Alabama, the defendant did knowingly use and carry, during and in relation to a drug trafficking crime, to-wit: possession of marijuana with intent to distribute, firearms, in violation of Title 18, USC, Section 924(c)(1)(A); and, (count three) that on or about June 13, 2005, in Montgomery, Alabama, within the Middle District of Alabama, the defendant, having been previously convicted of a felony, did knowingly possess a firearm, in and affecting interstate commerce, in violation of Title 18, USC, Section 922(g)(1).

2. On May 31, 2006, the defendant plead guilty, pursuant to a plea agreement consistent

with Federal Rules of Criminal Procedure 11(c)(1)(A), to counts one and two of the indictment before United States Magistrate Judge Susan Russ Walker.

3. The plea agreement between the parties was filed as Document 27 and was accepted by the Court. The change of plea hearing is documented as Document 38.

4. On or about August 23, 2006, the defendant was sentenced to 8 months imprisonment of count one to run consecutive to a sentence of 60 months on count two. Count three of the indictment was dismissed pursuant to the plea agreement and upon request of the government. The defendant did not appeal his conviction or sentence.

5. On or about August 21, 2007, the defendant filed notice of his intent to seek relief pursuant to Title 28, USC, Section 2255 in civil action 2:07CV742-MEF. On September 20, 2007, the government filed its' response to the civil petition. Defendant filed subsequent motions which the Court construed as motion to supplement his petition. The defendant filed an interlocutory appeal with the Eleventh Circuit challenging the District Court's interpretation of his filings as supplemental pleadings. The Eleventh Circuit denied the interlocutory appeal. The defendant's 2255 petition is pending in the District Court.

6. On or about August 11, 2008, the defendant filed a Motion to Dismiss Count 1 of the Indictment in which he seems to argue as grounds for the Motion that: (1.) The government failed to inform the defendant that an element of count one of the indictment was proof on an interstate nexus; (2.) that the government failed to establish "the element" of interstate nexus to establish proof that the defendant committed the crime charged in count one of the indictment and, (3.) that because the indictment does not contain "the element" of interstate nexus it is defective and, because the indictment is defective, the Court has subject-matter jurisdiction to dismiss the indictment in this

case.

**Legal Analysis**

7.    Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, Motions That Must Be Made Before Trial, states that a motion alleging a defect in the indictment or information-but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the courts jurisdiction or to state an offense.

8.    The Eleventh Circuit Pattern Jury Instruction (2003) state that the elements the government must establish to allow a trier of fact to conclude, beyond a reasonable doubt, that a violation of Title 21, United States Code, Section 841(a)(1), Possession of a Controlled Substance with Intent to Distribute, are as follows:

First:    That the defendant knowingly and willfully possessed marijuana as charged:

Second:    That the defendant possessed the substance with the intent to distribute it; and

Third:    That the weight of the controlled substance possessed by the defendant was in excess of the amount as charged.

**Argument**

9.    The defendant is procedurally barred from raising the issue of a defect in the indictment pursuant to Rule 12(b)(3)(B), as the criminal case is concluded.

10.    The defendant's argument that count one of the Indictment should be dismissed because he was not apprised of the elements of the offense and that the indictment was defective for not containing all of the elements of the offense, is without merit and must fail.

11.    The defendant is laboring under an erroneous belief that it is necessary for the government to establish, as one of the elements of the offense, an interstate nexus. Interstate nexus is not an element of 21 USC 841(a)(1), therefore, it is not necessary for the government to present

evidence to establish interstate nexus.

12.   Count one of the indictment clearly sets out the elements of the offense within the body of the count and tracking the language of the statute. The defendant was apprised of the elements offense by the plea agreement (Doc.27:2.) and again at the change of plea hearing.(Doc.38:12.)  Furthermore, the defendant specifically conceded that the drug trafficking offense could be prosecuted in a Court of the United States (Doc. 38:13.)

For the reasons stated above, the United States requests that this Honorable Court deny the defendant's <u>Motion to Dismiss Count One of the Indictment</u>.

Respectfully submitted this the 18th day of August, 2008.

> LEURA G. CANARY
> UNITED STATES ATTORNEY
>
> /s/ Susan R. Redmond
> SUSAN R. REDMOND
> Assistant United States Attorney
> 131 Clayton Street
> Montgomery, Alabama 36104
> 334.223.7280
> 334.223.7135 fax
> susan.redmond@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 2:05-CR-216-MEF |
| | ) | |
| TIMOTHY WILLIAMS | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2008, by United States mail, postage prepaid and properly addressed to Timothy Williams, #11778-002, Federal Correctional Institution, P.O. Box 5000 Vernon-01, Oakdale, LA 71463-5000, mailed a copy of the foregoing document.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
susan.redmond@usdoj.gov