UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Timothy Williams,
Defendant./ Movant,

vs.

Case No.: 2:05-CR-216-MEF

RECEIVED
2008 SEP 2 A 11:23
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES OF AMERICA,
Respondent.

MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S
REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS COUNT ONE OF THE INDICTMENT,
FOR VIOLATION OF DEFENDANT'S FIFTH AND SIXTH
AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION

COMES NOW, the Defendant, Timothy Williams in the above captioned matter respectfully submits his reply to the government's response.

## BACKGROUND

On August 11, 2008, Defendant Timothy Williams filed with this Honorable Court a Motion To Dismiss Count One of the Indictment For Violations Of The Defendant's Fifth And Sixth Amendment Rights Of the United States Constitution (Doc. #56) and upon consideration of the defendant Motion to Dismiss, on the 13th day of August, 2008, this Honorable Court ordered that the government show cause in writing on or before August 20, 2008, as to why the Motion should not be granted (Doc. #57-1).

On August 18, 2008, the government filed their response to Defendant's Motion To Dismiss Count One Of the Indictment. In their response the government provided an copy of the change of plea transcript and an copy of the plea agreement transcript, but failed to address and/or deny that the case law for which Chief United States District Judge Fuller cited in his prior opinions (**Alikhani v. United States, 200 F.3d 732, 735 (11th Cir. 2000)** quoting **Steel v. Citizens For A Better Enviroment, 118 S.Ct. 1003, 523 U.S. 83 (1998) A Civil Lawsuit**), are in fact unconstitutional and are inconsistant with the Sixth Amendment guarantee in criminal cases and inconsistant with the ruling handed down from the Supreme Court of the United States in **RE: WINSHIP, 397 U.S. 358, 90 S.Ct. 1068** and therefore cannot be applied to deny Defendant's Motion To Dismiss For Want Of Subject Matter Jurisdiction (Doc. #29) filed Jan. 29, 2008 and (Doc. #51) filed July 17, 2008 Motion To Reconsider And Now This Instant Motion To Dismiss Count One of the Indictment, for violation of Defendant's Fifth and Sixth Amendment rights of the United States Constitution (Doc. #56) filed August 11, 2008.

### MEMORANDUM OF LAW

In the Defendant's "Motion To Dismiss" the Defendant argues that his prior motions where denied unconstitutionally by applying Civil Law Standards to a criminal prosecution and his argument is supported by the <u>80th Congress</u> (1948) establishing that <u>Title 28 U.S.C. 2255</u> is a further step in the Movants criminal

case and not a separate civil action; and the United States Supreme Court in <u>RE Winship, 90 S.Ct. 1068</u> specifically rejecting use of civil law standards in criminal proceeding because that would constitute a "deprivation of fundamental fairness" and "**A person accused of a crime**... would be at a **severe disadvantage**, a disadvantage amounting to a lack of fundamental fairness, if he could be adjudged guilty and imprisoned for years on the strength of the same evidence as would suffice in a criminal case."

The government failed to address and/or deny Defendant's argument in their response.

Defendant, Timothy William's Motion To Dismiss Count One of the Indictment also argues that the indictment fails to comply with the United States Constitution's Sixth Amendment guarantee that "**In All Criminal Prosecution**, the accused shall enjoy the right... to be informed of the nature and cause of the accusation", and also cited Eleventh Circuit ruling in criminal cases, see <u>U.S. v. Stefan, 748 F.2d 1093 (11th Cir. 1986); U.S. v. Adams, 83 F.3d 137 (11th Cir. 1996)</u> holding that "an indictment not framed to advise the defendant with reasonable certainty of the nature of the acusation against him is defective, although it may follow the language of statute"... **furthermore, if the indictment track the language of the statute" it must be accompained with such a statement of facts and circumstances as will inform the accused of the specific offense coming under the general description with which he is being charged."** <u>U.S. v. Bubo 344 F.3d 1076 (11th Cir. 2003)</u>.

-3-

The government failed to address and/or deny that although the indictment in this instant case follows the language of the statute, it must always be accompanied with a statement of fact and circumstances that will inform the accused of the **jurisdictional element** (commerce clause) in which establishes the authority of the Court to hear the case.

Defendant, Timothy Williams, contends that the above cited Constitutional law, the Supreme Court's ruling in "Re Winship" Supra and the Elventh Circuit ruling supra, defeat the governments argument that the defendants motion is without merit and must fail and that the defendant is laboring under an erroneous belief.

In the government response # 11 on P.3 the government argue **that it is not necessary for them to present evidence to establish interstate commerce.** Defendant Williams disagree and provide support for his disagreement with the following United States Supreme Court rulings; See United States v. Stirone, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); where the high court held " The failure of the government to include in the indictment any charge that the defendant's conduct affected interstate of intrastate, or any commerce was not cured by the citation of the statute. In the sufficiency of an indictment, it is the statement of facts in the pleading rather than the statutory citation that is controlling". See also United States v. WUCO, 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976) Where the high court held "It is elementary that every ingrediant of the crime must be charged in the indictment,

-4-

with a general referrence to the provisions of the statute being insufficient". See also <u>Russell v. United States, 369 U.S. 749, 8 L.Ed.2d 240, 82 S.Ct. 1038</u> Where the high court held "An indictment must do more than simply repeat the language of the criminal statute"... "It is elementary principle of criminal pleading, that where the definition of an offense, whether it be at common law or by statute, includes generic term, **it is not sufficient that the indictment shall charge the offense in the same generic term as in the definition**; but must state the species—it must descend to the particulars", <u>United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588</u>, an indictment not framed to apprise the defendant "with reasonable certianty of the nature of the acusation against him... **is defective although it may follow the language of the statute**".

Defendant Williams contends that the above United States Supreme Court rulings not only defeat #11 on page 3, but also defeat the government argument in #12 on page 4. **Where they argue that count one of the indictment clearly set out the elements of the offense within the body of the count and tracking the language of the statute**—As stated by the Supreme Court above, **merely tracking the language of the statute is insufficient and the indictment is defective.**

Defendant Williams contends that Count One of the indictment in the case **UNITED STATES OF AMERICA v. Timothy Williams** merely track the language of the statute and is not accompanied with any facts of circumstances that will appraise him with certainty of the accusation against him as the United States

-5-

Supreme Court has established as law, and is defective.

Defendant Williams contends that **in the criminal realm, it is necessary for the government to establish, as one of the elements of offense an interstate commerce nexus,** but not as an element of Title 21 U.S.C. 841 as the government incorrectly stated defendant argued. See <u>STIRONE v. UNITED STATES, 80 S.Ct. 270 Supra</u>; where the high court stated the absolute necessity of the interstate commerce nexus in criminal indictment and see <u>U.S. v. Lopez, 2 F.3d 1342 (5th Cir. 1993)</u> where sister circuit held "**Lopez's conviction must be still reversed, however, because his indictment did not allege any connection to interstate commerce. An indictment that fails to allege a commerce nexus, where such a nexus is a necessary element of offense, is defective**". <u>quoting, STIRONE v. UNITED STATES, 80 S.Ct. 270 Supra.</u>

The government argue that defendant Williams specifically **conceded that the drug trafficking offense could be prosecuted in a court of the United States (Doc. 58:13).** Defendant contends that the Supreme Court of the United States have long establish that jurisdiction cannot be waived, conferred, or given by consent, by action or by stipulation upon a federal district court. <u>California v. Larue, 400 U.S. 109, 34 L.Ed.2d 342, 93 S.Ct. 390 (1972)</u>. See also <u>United States v. Cotton, 533 U.S. 625, 2002 Lexis (2002)</u>. "This concept of subject-matter jurisdiction, because it involves a court's power to hear a case, can never be **forfeited or waived consequently, defect in subject-matter jurisdiction requires correction regardless of whether the error was raised in district court.**

The government argue that defendant Williams is procedurally barred from raising the issue of a defect in the indictment pursuant to Rule 12(b)(3)(B), as the criminal case is concluded.

Defendant Williams contends that the 80th Congress have established that 28 U.S.C. 2255 **is a further step in Movant's criminal case,** therefor this criminal case is not concluded, secondly, Defendant Williams have timely filed his 28 U.S.C. 2255 (Doc. # 2 filed 8/21/07) where he claim in ground one and ground three ineffective assistance of counsel for failure to investigate and question subject matter jurisdiction. Defendant contends that filing a motion to dismiss the indictment while the case was pending for defects in construed as "questioning" the court's subject-matter jurisdiction, therefore, this issue is not proceedurally barred, because it relates back to defendants original 2255 Motion that counsel was ineffective for not raising questions of subject-matter jurisdiction while the case was pending.

Defendant Williams respectfully request Chief United States District Judge Fuller to take notice of the fact that the government in their response to the Defendant's motion to dismiss Count One of the indictment fails to cite any constitutional law, Supreme Court ruling or any Eleventh Circuit case law to support the reasons defendant's motion should not be granted. The government merely states defendants motion is without merit and must fail and that defendant is laboring under an erroneous belief. Defendant Williams contends that this failure to cite any est-

established law in support of their argument make their argument conclusory, undeveloped and perfuntory and therefore should be waived.

## CONCLUSION

Defendant contends that he have proved beyond a reasonable doubt that Count One of the indictment in the case of THE UNITED STATES OF AMERICA v. Timothy Williams is defective, for the following reasons: (1) Count One of said indictment is so vague, indefinite and uncertain that it does not inform the defendant of the nature or cause of the accusation made against him and, in the forgoing respects, does not comply with the Fifth and Sixth Amendments to the Constitution of the United States. (2) Count One of the indictment does not contain a plain, concise and definite written statement of all the essential facts constituting the offense charged and, therefore, does not comply with Rule 7(c) of the Federal Rule Criminal Procedure. (3) Count One of the indictment fails to allege any specific reference to federal jurisdiction. (4) Count One allege insufficient facts to constitute an offense against the laws of the United States.

Furthermore, the Supreme Court have long established that errors that amount to a violation of the United States Constitution, and/or a "fundamental defect inherently results in a complete miscarriage of justice". See **Hill v. United States, 368 U.S. 424 (1962); United States v. Addonizio, 442 U.S. 178 (1970).** Therefore, pursuant to authorities cited supra, defendant Timothy Williams is entitled to relief from the judgment and orders of this Honorable Court on his motion to dismiss the

indictment and his Title 28 U.S.C. 2255 because "evidence" (**law**) presented have proved beyond a reasonable doubt that the judgment and orders were obtained in violation of the United States Constitution's Fifth Amendment due process rights, were obtained in violation of the United States Constitutions Sixth Amendment guaranteed rights to be informed, were obtained in violations of the law of the United States (Rule 7(c) Federal Rule of Criminal Procedure and Rulings handed down from the United States Supreme Court) and obtained in excess of the court's jurisdiction, rendering any judgment and orders void as matter of law.

Therefore, based on the foregoing argument and authorities, and the record in this case, this Honorable Court is respectfully urged to grant the defendant Timothy Williams, motion to dismiss Count One of the indictment, for violation of defendant's Fifth and Sixth Amendment rights of the United States Constitution, and order the immediate release from federal custody.

Respectfully submitted on this the 27 day of August, 2008.

*/s/ Timothy Williams*
Mr. Timothy Williams pro se
Reg. No. 11778-002
Federal Correctional Institution
P.O. Box 5000 Vernon - 01
Oakdale, LA. 71463-5000

## CERTIFICATE OF SERVICE

I, Timothy Williams, hereby affirm that a true copy of the foregoing motion have been provided to the following parties via first-class pre-paid postage on this 27 day of August 2008.

Clerk of Court
U.S. District Court
Middle District of Alabama
1 Church Street, Suite B-100
Montgomery, Alabama 36104

Susan Redmond
Assistant U.S. Attorney
131 Clayton Street
Montgomery, Alabama 36104

Timothy Williams 11778-002