UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Timothy Williams,
    Petitioner,

vs.    Case No.: 2:05CR216MEF

UNITED STATES OF AMERICA,
    Respondent.

MOTION TO RECONSIDER THE COURTS PRIOR ORDER
DENYING DEFENDANT'S MOTION TO DISMISS COUNT ONE OF
THE INDICTMENT FOR VIOLATIONS OF THE DEFENDANT'S
FIFTH AND SIXTH AMENDMENT RIGHTS OF THE UNITED
STATES CONSTITUTION (DOC.#56) AND CLARIFICATION OF
LEGAL FINDINGS TO SUPPORT THE DENIAL OF SAID MOTION.

COMES NOW, Defendant, Timothy Williams, in the above captioned matter, respectfully moves this Honorable Court to reconsider its order done on the 2nd day of September, 2008 Doc. # 59, denying His Motion to dismiss Count One of the indictment, for violation of the defendants Fifth and Sixth Amendment rights of the United States Constitution. Defendant Timothy Williams contends that he has proven beyond a reasonable doubt that Count One of the indictment in the case of the UNITED STATES OF AMERICA V. Timothy Williams Case # 2:05-CR-216MEF on its face, is defective, by and through the United States Constitution's Sixth Amendment.

The Sixth Amendment of the U.S. Constitution clearly provide that "In all criminal prosecutions, the accused shall

-1-

enjoy the right... to be informed of the nature and cause of the accusation."

The Eleventh Circuit have applied this Constitutional law in criminal cases concerning indictments, See **U.S. v. Adkinson, 135 F.3d 1363, 1373 (11th Cir. 1998)** ruling "Constitutionally adequate notice is essential to the defendant's ability to investigate the charge against him and prepare his defense. the "inability of a defendant to prepare his case skews the fairness of the entire system"... "It is perfectly proper, and in fact mandated, that the district court dismiss an indictment if the indictment fails to allege facts which constitute a prosecutorial offense." See also **U.S. v. Bobo, 344 F.3d 1076 (11th Cir. 2003), U.S. v. Adams, 83 F.3d 1371 (11th Cir. 1996); U.S. v. Steele, 178 F.3d 1230 (11th Cir. 1999); Bell v. U.S. , 868 F.2d 1208 (11th Cir. 1989); U.S. v. Stefan, 784 F.2d 1093 (11th Cir. 1986)**

Defendant Williams contends that each of the Eleventh Circuit cases above comply with the Sixth Amendment guarantee of the United States Constitution. Therefore, this Court must also comply with the Sixth Amendment of the United States Constitution, not only because the Eleventh Circuit complied, but because the source for all federal laws must be and is the Constitution of the United States.

Furthermore, Chief United States District Judge Mark E. Fuller took the following oath as becoming a judge. "I, _____ \_\_\_\_, do solemnly swear and affirm that **I will administer justice without respect to person**, and do equal right to the poor and to the rich, and that I will faithfully and impart-

ially discharge and perform all the duties incumbent upon me as _____ under the Constitution and laws of the United States, and that I will support and defendend the Constution of the United States against all enemies foreign and domestic, that I will bear true faith and allegiance to the same, and that **I take this obligation freely without any** mental reservations or **purpose of evasion**, and that I will well and faithfully discharge the duties of the office on which I am about to enter. **SO HELP ME GOD** (emphasis added).

The oath Chief U.S. District Judge Fuller took bounds him to support and defend the Constitution of the United States of America and if Chief Judge Fuller denied the Defendant's motion based on any other grounds than the Constitution and laws of the United States, the order is a nullity.

Defendant Williams contends that this United States District Court Middle District of Alabama is a Court of Law, not opinions, and have an obligation to show in writing under what provision of criminal law Chief U.S. District Judge Fuller based his order to deny Defendant Timothy Williams' Motion to Dismiss Count One of the indictment. Merely rubber stamping his motion denied without providing any law to support your ruling violates the Defendant's due process right of the Fifth amendment and is therefore unconstitutional.

In closing, Defendant Timothy Williams will address the allegations the United States presented in their response. Stating that Rule 12 (b)(3)(B) of the Rules of Criminal

Procedure, procedually bar him from raising a defect in the indictment.

Defendant Williams will now submit long-established Supreme Court ruling to defeat the United States allegations See **Davis v. United States, 411 U.S. 223, 36 L.Ed.2d 216, 93 S.Ct. 1577 (1973)** "The waiver provision of the Federal Rules of Criminal Procedure, which provide that the failure to timely raise an objection that was required to be raised on a pretrial motion constituted a waiver of such objection, from which relief could be granted only for cause shown—**were applicable in a proceeding under 2255...** "A more lenient standard of waiver—allowing collateral relief unless it was established that the Petitioner had deliberately bypassed or understandingly and knowingly waived the claim." See also **Sanders v. United States, 373 U.S. 1, 10 L.Ed.2d, 148, 83 S.Ct. 1068 (1963)** "Collateral relief could be denied under 2255 only upon showing of a "knowing and deliberate by-pass of a timely objection"; and See **Kaufman v. United States, 394 U.S. 217, 22 L.Ed.2d 227, 89 S.Ct. 1068 (1969)** "The 2255 Court may in a proper case deny relief to a federal prisoner who had deliberatly by-passed the orderly federal procedure provided at or before trial."

Defendant Timothy Williams contends that the United States did not deny the indictment was in fact defective, but only alleged that it was procedurally barbed. As we see above in **Davis Sanders and Kaufman Supra**, the issue raised after pretrial is not procedurally barred in 2255 proceedings. Defendant

Williams contends that all other allegations by the United States in their response fails to cite any established law in support of their argument to make their argument conclusory, underdeveloped and perfuntory and therefore should be waived.

Therefore, based on the United States Constitution's Sixth Amendment guarantee "In all criminal prosecution, the accused shall enjoy the right... to be informed of the nature and cause of the accusation." Based on the Eleventh Circuit case cited in this motion and in Defendant's Motion to Dismiss Count One of the indictment (Doc. #56) filed August 11th, 2008 and respectfully, based on Chief United States District Court Judge Mark E. Fuller's sworn oath to support and defend the Constitution and laws of the United States of America.

Defendant Timothy Williams moves for a order from this Honorable Court, based on the foregoing argument and Constitutional authorities and the clear evidence in the record in this case, this Honorable Court is respectfully urged to reconsider its prior decision to deny Defendant's Motion to Dismiss Count One of the Indictment, for violations of defendant's Fifth and Sixth Amendment Rights of the United States Constitution.

Respectfully submitted on this the 9 day of September 2008.

                                              Mr. Timothy Williams Reg #11778-002
Federal Correctional Institution
P.O. Box 5000 Vernon-01
Oakdale, LA. 71463-5000

## CERTIFICATE OF SERVICE

I, Timothy Williams, hereby affirm that a true copy of the foregoing motion have been provided to the following parties via first-class pre-paid postage on this 9 day of September 2008.

Clerk of Court
U.S. District Court
Middle District of Alabama
1 Church Street, Suite B-100
Montgomery, Alabama 36104

Susan Redmond
Assistant U.S. Attorney
131 Clayton Street
Montgomery, Alabama 36104

Timothy Williams 11778-002

-10-